S. LANE TUCKER
United States Attorney

G. MICHAEL EBELL
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: michael.ebell@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    vs.<br><br>EDDY CAROLINA CRUZ, a/k/a<br>EDDY CAROLINA TWORK, a/k/a<br>EDDY CAROLINA CRUZ BARRETO,<br><br>              Defendant. | No. 3:22-cr-00059-SLG-KFR<br><br>**PLEA AGREEMENT** |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count of the Information in this case: Count 1 – Conspiracy to Commit Marriage Fraud, in violation of 18 U.S.C. § 371, and 8 U.S.C. § 1325(c). The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charge contained in the Information. Further, the United States agrees to recommend that the defendant receive a sentence of probation, or if the Court determines she is not eligible for probation, to recommend a sentence at the bottom of the guideline range.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

U.S. v. Eddy Carolina Cruz
3:22-cr-00059-SLG-KFR    Page 2 of 17
Case 3:22-cr-00059-SLG-KFR   Document 3   Filed 08/01/22   Page 2 of 17

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. **The defendant agrees to plead guilty to the following count of the Information:**

Count 1: Conspiracy to Commit Marriage Fraud, a violation of 18 U.S.C. § 371; and 8 § 1325(c)

### B. Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

1. Beginning on or about February 25, 2016, and ending on or about December 3, 2019, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of United States Citizenship and Immigration Services, the Department of Defense, and the Department of the Army;

2. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

3. One of the members of the conspiracy performed at least one overt act on or after beginning date of conspiracy for the purpose of carrying out the conspiracy.

U.S. v. Eddy Carolina Cruz
3:22-cr-00059-SLG-KFR          Page 3 of 17
Case 3:22-cr-00059-SLG-KFR   Document 3   Filed 08/01/22   Page 3 of 17

C. **Factual Basis**

The defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

On or about May 31, 2016, Jacob Twork and Eddy Cruz were married in Honolulu, Hawaii. They were not in a romantic relationship and entered the marriage with the purpose of gaining immigration and financial benefits. They did not live together or engage in a life together as a married couple.

Eddy Cruz entered the United States under a visitor visa on January 26, 2016, with an admit until date of July 26, 2016. Twork and Cruz were introduced on Facebook by a cousin and conversed online starting on or about February 25, 2016.

Cruz and Twork filed several immigration forms which referenced this marriage as the basis to adjust Cruz's immigration status. On or about February 6, 2017, Cruz filed with the United States Citizenship and Immigration Services (USCIS) a Form I-485 Application to Register for Permanent Residence or Adjust Status. On or about the same date, Twork filed with USCIS A Form I-130 Petition for Alien Relative on behalf of Cruz. As a result of the filing of these forms and their marriage, Cruz's immigration status was adjusted to that of a conditional lawful permanent resident as the spouse of a U.S. citizen on or about February 20, 2018.

As a result of the marriage, Twork filed forms with the military citing the marriage as a basis to adjust his entitlement to payments for housing a dependent. On or about May

11, 2017, Twork listed Cruz as a dependent who accompanied him from Kapolei, Hawaii to Georgetown, Texas on DD Form 1351-2 Military Travel Voucher and on DA Form 5060 Authorization to Start, Stop, or Change Basic Allowance for Quarter and/or Variable Housing Allowance. Twork and Cruz did not reside together in either Kapolei, Hawaii or Georgetown, Texas before or after the filing of these forms.

On or about November 16, 2018, Twork was transferred from Texas to Alaska and listed Cruz as a dependent that accompanied him on DD Form 1351-2 and DA Form 5960. Again, Cruz did not accompany Twork on this move and they were not residing together.

During the span of their marriage, Twork and Cruz lived separate lives. They did not live together at any point. Cruz lived in Florida, while Twork lived in Hawaii, Texas and Alaska. Both of them dated other people romantically. Cruz became pregnant and gave birth to a baby with another man during the marriage. They communicated with each other on Facebook about the need to help each other with documentation and the appearance of a marriage.

One particular conversation in August 2016, Twork expressed concern that Cruz did not know English and that if they tried to go through the process too quickly then they would get caught. Cruz responded that he should be more worried because he did not know her but that she could not keep waiting to file the paperwork because she could not leave the country and return without a green card. She communicated that they would have to pretend to trust each other for immigration to see their marriage as real.

U.S. v. Eddy Carolina Cruz
3:22-cr-00059-SLG-KFR                Page 5 of 17
Case 3:22-cr-00059-SLG-KFR   Document 3   Filed 08/01/22   Page 5 of 17

On or about September 16, 2019, Cruz traveled to Alaska and visited Twork. During this trip the two of them staged a variety of photos to appear as if they had a legitimate marriage over the last three years. They staged birthday, anniversary, Christmas and other pictures together, to appear as if they were taken over an extended period of time and in different locations. In reality, these photos were all taken on the same day.

As result of falsely claiming Cruz as a dependent, Twork received $92,635.10 in housing and allowance benefits from the United States Army. Cruz received the benefit of her adjustment in immigration status. She also received health insurance and $8,949.69 in medical care.

D. **Statutory Penalties and Other Matters Affecting Sentence**

1. **Statutory Penalties**

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1: 18 U.S.C. § 371 (Conspiracy)

1) 5 years' imprisonment;

2) a $250,000 fine;

3) a $100 special assessment; and

4) three years of supervised release.

2. **Other Matters Affecting Sentence**

a. **Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of United States Sentencing Guidelines (U.S.S.G). § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

b. **Payment of Special Assessment**

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

c. **Consequences of Felony Conviction**

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of

U.S. v. Eddy Carolina Cruz
3:22-cr-00059-SLG-KFR          Page 7 of 17
Case 3:22-cr-00059-SLG-KFR   Document 3   Filed 08/01/22   Page 7 of 17

public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

The defendant agrees that the Court will order restitution to the United States Army or its designee, of $8,949.69.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Guidelines (U.S.S.G). as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

B. **Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set forth below in this section.

1. **Acceptance of Responsibility**

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

C. **Sentencing Recommendations**

The United States Probation Office (U.S.P.O) will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The United States agrees to recommend the imposition of a term of probation in compliance with U.S.S.G. section 5B1.1. If the Court determines that the defendant is

U.S. v. Eddy Carolina Cruz
3:22-cr-00059-SLG-KFR   Page 9 of 17
Case 3:22-cr-00059-SLG-KFR   Document 3   Filed 08/01/22   Page 9 of 17

not eligible for a sentence of probation, then the United States agrees to recommend a sentence as the bottom of the U.S.S.G. range as determined by the Court.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea or sentence is rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

U.S. v. Eddy Carolina Cruz
3:22-cr-00059-SLG-KFR                Page 10 of 17
Case 3:22-cr-00059-SLG-KFR   Document 3   Filed 08/01/22   Page 10 of 17

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

B.  **Appellate Rights**

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

C.  **Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable) or terms or conditions of

U.S. v. Eddy Carolina Cruz
3:22-cr-00059-SLG-KFR                Page 12 of 17
Case 3:22-cr-00059-SLG-KFR   Document 3   Filed 08/01/22   Page 12 of 17

probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Fed. R. Crim. P. 11(f) and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The defendant, defense counsel, and the attorney for the Government consent to have the defendant's plea taken by a United States Magistrate Judge pursuant to Fed. R.

Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in 18 U.S.C. §. 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

U.S. v. Eddy Carolina Cruz
3:22-cr-00059-SLG-KFR       Page 14 of 17
Case 3:22-cr-00059-SLG-KFR   Document 3   Filed 08/01/22   Page 14 of 17

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Eddy Carolina Cruz, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of

this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of 1 - Conspiracy, in violation of 18 U.S.C. § 371 of the Information.

U.S. v. Eddy Carolina Cruz
3:22-cr-00059-SLG-KFR      Page 16 of 17
Case 3:22-cr-00059-SLG-KFR   Document 3   Filed 08/01/22   Page 16 of 17

DATED: July 12/2022

_____
Eddy Carolina Cruz
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: July 29, 2022

_____
BRIAN HEADY
Attorney for Eddy Carolina Cruz

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

S. LANE TUCKER
United States Attorney

DATED: 7/27/22

_____
G. MICHAEL EBELL
Assistant United States Attorney